UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-14049-CR-ROSENBERG/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RICHARD TODD BADALI,
a/k/a "Boots"
THOMAS RICHARD LAAKMANN
a/k/a "Troll",

    Defendants.
_____/

## MOTION TO SUPPRESS STATEMENTS

COMES NOW the defendant, THOMAS LAAKMANN ("Laakmann") through his undersigned attorney and pursuant to Rule 12 (b)(3), Rule 41(f) and the 5th Amendment to the United States Constitution respectfully moves this Court to enter an Order suppressing statements made to ATF Special Agent Burroughs ("Burroughs") on October 2, 2014.

1.    Laakmann is charged by indictment with delivery of a firearm to a convicted felon and possession of a firearm by a prohibited person. Laakmann is alleged to have transferred to a confidential source a Star Model BM 9 millimeter pistol after having previously been convicted of a domestic violence offense.

2.    Pursuant to an arrest warrant signed by the Honorable Frank J. Lynch, Jr., Laakmann was arrested and taken into custody by federal law enforcement agents. After being taken into custody, Burroughs sought to question the defendant.

1

3. The questioning took part in two stages.1 The first set of questions commenced at 6:38 a.m. At the start of the questioning, Laakmann was read his Miranda rights. Laakmann acknowledged having his rights read to him, but did not sign the consent form. Burroughs commenced questioning. The first phase of questioning lasted approximately 15 minutes.

4. At 7:27 a.m., Burroughs re-approached Laakmann for further questioning. Burroughs begins by saying, "OK so basically I am going to talk to you about a few things". He then informs Laakmann that he wants to show him some photos and talk to him about the Pagan's.2 He then asks Laakmann, "Are you willing to talk about the Pagan's?" to which Laakmann replies, "I'm not going to talk to you about anything. Not without a lawyer". Burroughs responds, "Ok, so you are not willing to answer any more questions?" Laakmann states, you can ask all you want to but, you know . . . I really haven't answered any of your questions? Laakmann then asks Burroughs what he is being charged with, and Burroughs informs him of the charges. Burroughs then asks a series of questions about various matters including whether Laakmann knows if he is allowed to possess firearms, whether he is a convicted felon or has ever been convicted of domestic violence, and miscellaneous other matters. Laakmann advises that he does not know whether he is prohibited from possessing firearms. Approximately 30 minutes of additional recorded questioning takes place.

5. Thus, the broad question presented is whether Laakmann's statement to Burroughs about not be willing to talk without a lawyer, was an invocation of the right to counsel requiring Burroughs to immediately cease questioning. More specifically, the issue is whether Burroughs follow-up question, "Ok, so you are not willing to answer any more questions", violated the requirement to cease questioning once a suspect invokes his right to counsel as prescribed in

---

1 The interrogations were audio-recorded.

2

Miranda?3

6. The defendant respectfully submits that once Laakmann indicated that he would not speak further without an attorney, Burroughs was required to cease any further questioning. His failure to do so, even simply to elucidate whether Laakmann was willing to answer additional questions, requires suppression of any statements Laakmann made subsequent to his assertion that he wanted counsel.

## Memorandum of Law

In Edwards v. Arizona, 451 U.S. 387 (1981), the Supreme Court established a bright line rule for police officers conducting interrogations once a suspect indicates that he wants counsel.

> [A]lthough we have held that after initially being advised of his Miranda rights, the accused may himself validly waive his rights and respond to interrogation … the Court has strongly indicated that additional safeguards are necessary when the accused asks for counsel; and we now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.4

Applying Edwards, *supra* holding to the facts at bar shows that Laakmann's statement to Burroughs about not speaking any further without an attorney required Burroughs to cease any further questioning of Laakmann until he was afforded an attorney. Burroughs' decision to instead ask a follow-up question, "Ok, so you are not willing to answer any more questions" violated Miranda.

Admittedly there are circumstances where law enforcement is authorized to ask clarifying

---

2 Referring to the Pagan's Motorcycle Club.
3 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct 1602, 16 L. Ed. 2d 694 (1966).

questions of a suspect regarding their desire to invoke counsel.  See, <u>Cannady v. Dugger</u>, 931 F. 2d 752 (11th Cir. 1991).   For example, in <u>Cannady</u>, the court noted that where the request for counsel is equivocal, further police inquiry to clarify the initial request for counsel is proper.  Here, however, there was nothing equivocal or ambiguous about Laakmann's statement, "I'm not going to talk to you about anything.  Not without a lawyer".  Laakmann made it abundantly clear that he wanted to speak to an attorney, and Burroughs was required to either terminate all questioning or secure him an attorney before conducting any further questioning.

Thus, where the invocation is unambiguous, clarifying questions are not proper and law enforcement must cease any further questioning until the suspect is afforded an attorney.  In <u>Smith v. Illinois</u>, 469 U.S. 91, 105 S. Ct. 490, 83 L. Ed. 2d 488 (1984), the Court held that an unambiguous request for an attorney requires the cessation of all questioning.  Smith was arrested for a McDonald's restaurant robbery.  When the police advised him of his right to counsel during questioning, Smith stated, "Uh, yeah, I'd like to do that."  The police asked further clarifying questions and ultimately he admitted involvement.  In reversing his conviction, the Court found that the statement, "Uh, yeah, I'd like to do that" was an unambiguous invocation of the right to counsel.

In <u>United States v. Thomas</u>, No 12-4471 (11th Cir. 2013), Thomas was charged with , *inter alia*, conspiracy to obstruct commerce for involvement in a robbery where she was apprehended using a credit card taken during the robbery.  Suspecting that her possession of the credit card indicated she had knowledge of the underlying robbery, law enforcement sought to interrogate her.  When confronted by the police, Thomas indicated that she was "not talking to them without a lawyer-no way."  Despite this invocation, the police continued questioning her about the case

---

4 Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S. Ct. 1880, 68 L. Ed. 2d 378 (1981).

including the benefits of cooperation. Thomas made subsequent statements of an incriminating nature, which she then sought to have suppressed. In reversing the district court's denial of defendant's motion to suppress, the court found that the holding in Edwards required the police to cease questioning her immediately upon her invocation of the right to counsel.

In the case at bar, the evidence shows that during the 2nd interrogation, Laakmann made an unambiguous statement about wanting counsel before speaking any further. Notwithstanding Laakmann's assertion, Burroughs asked Laakmann a follow-up question without securing him the opportunity to confer first with an attorney. In cases, such as this, where Laakmann's invocation of the right to counsel was not ambiguous or equivocal ("I'm not going to talk to you about anything. Not without a lawyer"), any subsequent statements must be suppressed as obtained in violation of Miranda.

WHEREFORE, the Defendant requests this Court enter an order suppressing any and all statements made by the defendant to Burroughs after Laakmann stated, "I'm not going to talk to you about anything. Not without a lawyer".

I hereby certify that counsel for the moving party has conferred with opposing counsel in a good-faith effort to resolve by agreement the subject matter of the motion, where required by Local Rule 88.9.

I hereby certify that on November 12, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached service list in the manner specified, either via transmission or Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronic Notices of

Electronic Filing.

                              Respectfully submitted,

                              By:  /s/_____
                                  CHRISTOPHER A. HADDAD
LAW OFFICE OF
CHRISTOPHER A. HADDAD, P.A.
1530 N. Federal Highway
Lake Worth, FL  33460
Telephone:  (561) 832-1126
Fax:  (561) 832-1127
Fla. Bar No. 0879592

6

## **SERVICE LIST**

AUSA Russell R. Killinger
Email: Russell.Killinger@usdoj.gov
U.S. Attorney's Office
101 South U.S. Highway One, Suite 3100
Fort Pierce, FL   34950
Tel:  772-466-0899
Fax: 772-595-3606
Attorney for Plaintiff USA

Peter Thomas Patanzo
Email:  ppatanzo@bellsouth.net
Benjamin & Aaronson
1 Financial Plaza, Suite 1615
Fort Lauderdale, FL   33394
Tel:  954-779-1700
Fax:  954-770-1771
Attorney for Defendant, Richard Todd Badali