UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-14049-CR-ROSENBERG

UNITED STATES OF AMERICA
    Plaintiff,
v.

RICHARD TODD BADALI
and
THOMAS RICHARD LAAKMANN,
    Defendants.
_____/

**GOVERNMENT'S MOTION IN LIMINE TO ADMIT INTO EVIDENCE
BUSINESS RECORDS PURSUANT TO RULES 902(11) AND 803(6)
FEDERAL RULES OF EVIDENCE**

The United States of America, through its undersigned Assistant United States Attorney, hereby files this Motion *in Limine* concerning its intent to seek admission into evidence bank records of J.P. Morgan Chase Bank, NA. The United States seeks a pretrial ruling from this Court on the admissibility of these business records pursuant to Federal Rules of Evidence 803(6) and 902(11).[1] This motion serves as written Notice of Intent to introduce such evidence.

---

[1] Rule 902(11) reads:
The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record: (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (B) was kept in the course of the regularly conducted activity; and (C) was made by the regularly conducted activity as a regular practice. A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection

## FACTUAL BACKGROUND

By way of brief background, Defendant Badali is charged in Count 1 of the Indictment with knowingly selling or otherwise disposing of a firearm to a person knowing or having reasonable cause to believe that person was a convicted felon, in violation of 18 U.S.C. § 922(d)(1).  Badali is charged in Count 2 of the Indictment with knowingly possessing a firearm in or affecting interstate commerce, having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  In both instances the government must prove Badali's knowing possession (either sole, joint, actual or constructive) of the firearm and his intent to dispose of the same to a known convicted felon.  The government intends to prove that Badali agreed to sell the firearm to a cooperating FBI source and directed the source to deposit $200 into his wife's bank account at J.P. Morgan Chase Bank, NA.  After the money was deposited as directed, Badali arranged for codefendant Laakmann to deliver the firearm to the source, which Laakmann did on September 3, 2011.  The government subpoenaed the wife's bank account records, which establish the money was deposited as directed by Badali into her account on August 9, 2011.  Copies of these records have been provided to defense counsel in discovery.

## RECORDS SOUGHT TO BE INTRODUCED

The United States has secured a certification of a custodian of records for JP Morgan Chase that: (a) the records were made at or near the time of the occurrence of the matters set forth by or from information transmitted by, a person with knowledge of those matters; (b) the record was kept in the course of regularly conducted business activity; and (c) the record was made by the regularly conducted activity as a regular practice.  See Exhibit 1.  The government

---

sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

seeks to introduce the monthly bank statement for the account of Tracey L. Smith, account number xxxxxxxx8331, reflecting activity in the account (including the $200 deposit on August 9, 2011) for the period beginning July 16, 2011 and ending August 12, 2011, together with the deposit item reflecting the $200 cash deposit.

## DISCUSSION

Pursuant to Rule 902(11), domestic business records are self-authenticating if accompanied by a certificate conforming to the requirements of the rule. Moreover, such records are admissible for the truth of the matters asserted therein if the records (i) were made at or near the time of business activity by a person with knowledge of the activity or transmitted to a person with such knowledge; (ii) were kept in the course of a regular conducted business; and (iii) were made in the course of a regularly conducted business. Fed. R. Evid. 803(6). *See also* Fed. R. Evid. 902(11)(A)-(C). The foundational requirements for the business records hearsay exception may be established by the testimony of a custodian or by a certificate complying with Fed. R. Evid. 803(6) and 902(11). *McIntosh v. Partridge*, 540 F.3d 315, 321 n.6 (5th Cir. 2008). *See also United States v. Lewis*, 594 F.3d 1270, 1278-79 (10th Cir. 2010).

The Eleventh Circuit has found in an unpublished opinion that

> Rule 902(11) permits a party to authenticate business records with a written declaration of a records custodian or other qualified person, as long as the party provides notice of intention to the adverse party, and makes the record and declaration available for inspection sufficiently in advance of their offer into evidence. The Government complied with Rule 902(11) in admitting the business records as it gave [Defendant] notice and gave him an opportunity to inspect the records. Thus, [Defendant's] argument these records were admitted improperly because there was no one from the insurance company to explain the relevance is meritless.

*United States v. Lezcano*, 296 Fed. Appx. 800 (11th Cir. 2008). *See also United States v. Collado*, 439 Fed. Appx. 845 (11th Cir. 2011); *United States v. Taylor*, 278 Fed. Appx. 937 (11th

Cir. 2008). The touchstone of admissibility under the business records exception to the hearsay rule is reliability, and a trial judge has broad discretion to determine the admissibility of such evidence. *United States v. Bueno-Sierra*, 99 F.3d 375, 378 (11th Cir. 1996) (citations omitted).

Additionally, a records custodian need not have personal knowledge of each of the records in order to qualify as a proper records custodian. *United States v. Langford*, 647 F.3d 1309, 1326-27 (11th Cir. 2011). When a records custodian is utilized, Fed. R. Evid. 803(6) requires the testimony of a custodian or other qualified witness who can explain the record-keeping procedure utilized. It is not necessary for the person who actually prepared the documents to testify so long as there is evidence and testimony to suggest the trustworthiness of the documents. *United States v. Garnett*, 122 F.3d 1016, 1018-19 (11th Cir. 1997). That is where the 902(11) certificate comes into play. The 2000 amendment to Rule 803(6) (adding reference to Rule 902(11) provides that the foundation requirements of the Rule can be satisfied under certain circumstances without the expense and inconvenience of producing time-consuming foundation witnesses. Of particular note to this motion, the Ninth Circuit stated that "requiring the records custodians and other officials from the various states and municipalities to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process." *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005). Nor does the use of affidavits or certifications of regularly conducted business activity offend the Confrontation Clause. *See United States v. Ross*, 33 F.3d 1507, 1515 (11th Cir. 1994) (holding that 18 U.S.C. § 3505, relating to certifications of foreign business records, does not violate a defendant's Sixth Amendment confrontation rights).

## **CONCLUSION**

Based on the forgoing, the United States seeks a ruling from this Court admitting the bank records of J.P. Morgan Chase Bank, NA (subject to a relevance determination) pursuant to Rules 806(3) and 902(11) of the Federal Rules of Evidence.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

*s/Russell R. Killinger*
Russell R. Killinger
Assistant United States Attorney
Russell.Killinger@usdoj.gov
United States Attorney's Office
101 South U.S. Hwy. 1, Ste. 3100
Fort Pierce, Florida 34950
Telephone: 772-466-0899
Facsimile: 772-466-1020

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2014, I electronically filed the foregoing *Government's Motion In Limine Re: Business Records* with the Clerk of the Court using CM/ECF.

*s/Russell Killinger*

Russell Killinger
Assistant United States Attorney